S. Ramírez & Co., Plaintiffs and Respondents, v. Quintana et al., Defendants and Appellants.

Appeal from the District Court of Humacao in an Action of Debt.

No. 1264.—Decided April 23, 1915.

Promissory Note — Maturity — Complaint — Academic Question. — When the amended complaint alleges as a cause of action for recovery on a promissory note that the said note had matured, although the original complaint stated that it had not, the question of whether or not the note was recoverable prior to its maturity is purely an academic one.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellants.

*Messrs. Aponte & Aponte* for the respondents.

Mr. Justice Aldrey delivered the opinion of the court.

On July 8, 1913, S. Ramírez & Company, a corporation, brought an action in the District Court of Humacao against Domingo Quintana as direct debtor and Carlos Benítez Santana as surety, for the recovery of the amount due by two promissory notes for $380.35 each. The first of these notes was due on the date of the complaint, but the second was not to become due until November 30, 1913, and its security had diminished because the surety had left the Island.

The complaint having been demurred to, the plaintiff filed an amended complaint on February 18, 1914, to recover on both notes, alleging as regards the second that although it had matured it had not been paid, and also that when, prior to its maturity, the debtor was requested to furnish new security on account of the insolvency of the first surety, he did not do so.

An answer to the complaint having been filed by Domingo Quintana and the case having been tried, the court rendered judgment against both defendants for the amount of the two

promissory notes, from which judgment Domingo· Quintana took the present appeal.

The only ground alleged· by the appellant for the reversal in part of the judgment appealed from is' that he was under no· obligation to give new security for the second note and therefore he had not lost the right ·to avail· himself of the time allowed him in which to pay it, *i. e.,* on November 30, 1913, which he alleged as matter of defense in his answer to the amended complaint.

When the amended complaint was filed on February 18, 1914, the said· promissory note had been due since November 30 of the preceding year, and this was alleged in ·the amended complaint as a cause of action for recovery thereon, hence the question of whether or not the note was recoverable prior to its maturity is a purely academic one.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.